Welch, J.
We think the plaintiff has clearly mistaken his remedy. He cannot recover back the land for violation of the stipulation in regard to fences. That stipulation cannot be regarded as a condition, precedent or subsequent, upon which the right to possess or enjoy the easement was to depend. It was a mere inter-proprietary regulation, to take effect when the right and ownership of both parties should become vested and complete. It was a continuing contract between adjoining proprietors. It bound the company, not only to put up the fence, and permit the connection, but also to keep the fence up, and to continue the permission. It would be doing great violence to the language of the parties to this contract, to hold that they intended that the land might be reclaimed after the completion of the road, apon every failure to keep up the fence or the connection.
*89 The question raised by counsel, whether under our laws regulating conveyances the legal title to the easement passed by the contract in question, being without acknowledgment or witnesses, it is unnecessary to decide. It is enough foi the present case to say'that the contract by which the company entered makes its possession rightful, and that the plaintiff cannot recover without showing that he is wrongfully kept out of possession. The contract is at least a parol license, and that license has been fully executed, with the knowledge and consent of the plaintiff, who has received the full price stipulated therefor.

The judgment is affirmed.

Brinkerhoef, C. J., and Scott, White, and Day, JJ., concurred.